IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN WILLIAM WALKER, | ) | Case No. 1:21-cv-00514-DCN |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| FNU HOLDEMAN, | ) | |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

## I.    INTRODUCTION.

Plaintiff, Kevin William Walker, seeks compensation for injuries due to an assault allegation against the defendant, Officer Jeffery Holdeman, during Walker's arrest.  But since Officer Holdeman filed a motion to dismiss, Walker has not taken an interest in the case.  Walker has not responded to Officer Holdeman's motion to dismiss or complied with any of the court's orders.  And despite being ordered to do so, Walker has not attempted to show why the case should not be dismissed.  Therefore, I recommend that the Court DISMISS Walker's action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

## II.    PROCEDURAL HISTORY.

Walker filed a pro se civil rights complaint against Officer Holdeman on March 2, 2021. ECF Doc. 1.  Officer Holdeman filed a motion to dismiss on January 28, 2022.  ECF Doc. 15. Because Walker did not respond to Officer Holdeman's motion, the court ordered Walker on March 11, 2022, to file by April 1, 2022 either: 1. a response in opposition to Officer

Holdeman's motion; or 2. a notice to the court indicating that Walker does not intend to prosecute his claims against Officer Holdeman accompanied by a motion to voluntarily dismiss his complaint.  ECF Doc. 16.  April 1, 2022 came and went without any action by Walker.

Accordingly, on April 21, 2022, the court issued an order directing Walker to show cause on or by May 22, 2022, why the action should not be dismissed with prejudice.  ECF Doc. 17. The court specifically advised Walker that if he filed both 1. a response in opposition to Officer Holdeman's motion to dismiss and 2. an explanation as to why Walker did not timely respond to the court's March 11, 2022, order, the court may retract the show cause order.  To date, Walker has not filed anything in response to the show cause order.

**III.    STANDARD OF REVIEW.**

Federal Rules of Civil Procedure 41(b) gives authority to the court to dismiss a plaintiff's action with prejudice because the plaintiff failed to prosecute.  *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *see* Fed. R. Civ. P. 41(b).  To determine whether the action should be dismissed under Rule 41(b), the court may consider whether: 1. the party's failure is due to willfulness, bad faith, or fault; 2. the opposing party was prejudiced by the dismissed party's failure to cooperate; 3. the dismissed party was given a warning that failure to cooperate could lead to dismissal; and 4. less drastic measures were considered before dismissal.  *Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999).  Although none of the factor's outcome is dispositive, a case is properly dismissed where there is a clear record of delay or resisting authority.  *Id.*

**IV.    ANALYSIS.**

Walker's disinterest in the court's proceedings has delayed the case from moving forward.  Here, Walker has failed to respond to the court's orders on March 11, 2022, and April

21, 2022.  The court warned Walker that his failure to prosecute could lead to dismissal and the court supplied Walker with a reasonable period to comply with both orders.  Walker has failed to respond to both orders, specifically the show cause order.  Walker most likely will not come forward to respond to the orders.

I therefore recommend that the Court DISMISS Walker's action in its entirety with prejudice and DISMISS Officer Holdeman's motion to dismiss (ECF Doc. 15) as moot.

Dated: June 1, 2022

Thomas M. Parker
United States Magistrate Judge

---

## Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge.  Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b).  Properly asserted objections shall be reviewed de novo by the assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, *6 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific objections may in rare cases be excused in the interest of justice.  *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).